UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA

   -against-                                    AFFIRMATION
                                                S1 11 CR 59 (LAK)
XAVIER CORREA, et al.,

            Defendants.

------------------------------------------------X

      JOEL M. STEIN, ESQ., being an attorney duly admitted to practice law in this Court and in the Courts of the State of New York, hereby affirms under penalty of perjury:

1. I am counsel for the defendant DAVID MARTE in the above-captioned matter, and, as such, I am fully familiar with the facts and circumstances thereof.

2. This affirmation is submitted in support of the defendant's applications for an order to suppress physical evidence seized on February 2, 2011 at or around the time of his arrest from his residence in the basement apartment at 523 Tinton Avenue, Bronx, NY, and the subsequent seizure of the informational contents of his cellphone, on the ground that they were obtained in violation of the defendant's constitutional rights under the Fourth Amendment.

3. This affirmation is based upon the defendant's affidavit, dated March 30, 2011 (Ex. A), and discovery materials provided by the government pursuant to its obligations under R.16, F.R.Cr.P.

4. On January 26, 2011 a warrant for the defendant's arrest was issued based upon his indictment as a defendant in this matter (Ex. B). The indictment charges 30 defendants with violations of the federal narcotics laws, and several of these defendants with violations of federal firearms laws. Specifically, Count One charges multiple defendants, including the defendant, with participating in a conspiracy ("the Wheeler Organization") - - from in or about 2005, up to and

including in or about December 2008 - - to distribute and possess with intent to distribute crack, in violation of 21 U.S.C. §846. Count Two charges multiple defendants, including the defendant, with participating in a conspiracy ("the 1100 Block Organization") - - from in or about December 2008, up to and including in or about January 2011 - - to distribute and possess with intent to distribute crack, in violation of §846.

5. On February 2, 2011 the defendant was arrested at his residence in the basement apartment at 523 Tinton Avenue, Bronx, NY.

6. The defendant did not give permission to search his residence, nor did the police have a search warrant authorizing a search of the premises (Ex. A).

7. Among the items reportedly seized from the defendant's residence were a cellphone, a scale, a pink plastic box, crack cocaine and U.S. currency (Ex. C-1-5).

8. Since the defendant had been sleeping immediately before the police entered his residence and arrested him, he was not dressed.

9. Ex C-1 states that the U.S. currency was seized from the defendant's right pants pocket. Ex. C-2 and C-3 do not state where specifically a plastic pink box, numerous clear ziplocks, numerous clear sandwich bags, a scale and a large bundle containing several smaller bundles of crack were recovered "pursuant to the execution of an arrest warrant". Ex. C-4 states that the items described therein, ziplock bags of crack cocaine, were recovered from the defendant's right jacket pocket. Ex. C-5 does not state where the cellphone was recovered.

10. On February 10, 2011, the police obtained a search warrant authorizing the search of five cellphones, which were seized on February 2, 2011 during the arrest of the defendant and others also charged in this indictment (Ex. D). Although one of those cellphones purported to be the defendant's (attachment E), on February 17, 2011 a new search warrant was obtained for a different cellphone (Ex. E). §15, at p.8 of the affidavit in support of this search warrant

acknowledges that the affiant was "mistaken" in representing that the cellphone which had purportedly been in the defendant's possession at the time of his arrest was instead in the possession of a co-defendant, Donnell Sanders, who was arrested on the same date as the defendant.

11. The affidavit in support of the search warrant to search the defendant's cellphone attempts to make a showing of probable cause by stating (§§10-11):

> During the course of the investigation, law enforcement learned from cooperating witnesses, a review of telephone company records and searches of cellphones (either with the owners' consent or pursuant to search warrants) that members of the Wheeler Organization and the 1100 Block Organization used cellphones to communicate among themselves and with potential customers to facilitate drug transactions.
>
> I also know from my general experience in law enforcement and specifically from my experience investigating narcotics offenses that drug dealers often use cellphones to communicate with co-conspirators and customers, and that information regarding post and present co-conspirators and customers is often stored in the cellphones (such as names and phone numbers of co-conspirators or customers.)

12. For the reasons stated in defendant's accompanying memorandum of law:

   (a) The physical evidence seized from the defendant's residence in the basement apartment at 523 Tinton Avenue, Bronx, NY, was obtained as the result of an unlawful protective sweep;

   (b) The physical evidence seized from the defendant's residence was not within the area of his immediate control; and

   (c) There was no factual nexus between the charges in the indictment and the defendant's cellphone.

WHEREFORE, it is respectfully requested that the relief sought herein be granted with such other and further relief as may be just and proper.

Dated: New York, NY
April 1, 2010

Yours, etc.

*Joel M. Stein*

Joel M. Stein. Esq.