UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

XAVIER CORREA, et al.,

    Defendants.

-------------------------------------------------X

REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS
S 11 CR 59 (LAK)

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted in support of defendant David Marte's motion to suppress physical evidence seized from the defendant's residence in the basement apartment at 523 Tinton Avenue, Bronx, New York, and the subsequent seizure, pursuant to a search warrant, of the informational contents of the defendant's cellphone. Except to the extent necessary, the relevant facts, as stated in the defendant's affidavit and the affirmation of his counsel, will not be repeated herein.

## ARGUMENT

### POINT I

### THE SEARCH OF DEFENDANT'S CELLPHONE WAS NOT INCIDENTAL TO HIS ARREST

After acknowledging that the case law is "unsettled," the government argues in its answer (U.S. memo, at 31), citing United States v. Murphy, 552 F. 3d, 405, 412 (4th Cir. 2009), and United States v. Finley, 477 F. 3d 250, 259-60 (5th Cir. 2007), that the search of the defendant's cellphone was lawful as incidental to his arrest.

The lawfulness of a search incident to an arrest is a well-settled exception to the Fourth Amendment's warrant requirement (Chimel v. California, 395 U.S. 752, 89 S. Ct. 2040 (1969). The rationale for this exception to the Fourth Amendment's warrant requirement, which permits a search of the suspect's person and "the area within his [or her] immediate control," is to protect a police officer's safety and to prevent the destruction of evidence. However, in order for this exception to the warrant requirement to be applicable, the search must actually be incidental to the arrest. Otherwise, the exigencies which justify this exception to the warrant requirement do not exist.

In this case, after mistakenly seeking a search warrant on February 10, 2011 for the wrong cellphone, after the defendant's arrest on February 2, 2011, the police obtained another search warrant on February 17, 2011. In no way can this search be considered "incidental" to the defendant's arrest. See Chadwick, supra, 433 U.S. at 15, where a search was conducted more than one hour after the arrest; United States v. Lartey, 716 F. 2d 955 (2d Cir. 1983), where the search was conducted at DEA headquarters; and United States v. Gorksi, 852 F. 2d 692 (2d Cir. 1988), where the search was conducted after the defendant's bag had been secured.

## POINT II

### AN OFFICER'S EXPERIENCE AND TRAINING AS A BASIS FOR HIS 'EXPERT' OPINION IS NOT SUFFICIENT BY ITSELF TO ESTABLISH A NEXUS TO THE DEFENDANT'S CELLPHONE IN SUPPORT OF AN ASSERTION OF PROBABLE CAUSE

Although the defendant recognizes that an officer's experience and training is a factor to be considered by the Court in determining whether there was probable cause to search the defendant's cellphone,[1] there must be facts to support a nexus to the place to be searched. Otherwise, a slippery slope of

---

[1] Although the defendant admits that the officer's opinion that "drug dealers often use cellphones to communicate with co-conspirators and customers" (§11 of affirmation in support of defendant's motion) is reasonable, it is also reasonable that they avoid using cellphones because of the well-known ability of law enforcement to monitor and obtain cellphone information.

factually unsupported opinion to support an assertion of probable cause will result, leading inevitably to the diminution of the requirement of probable cause. The government acknowledges that there were no facts concerning the defendant's cellphone[2] (U.S. memo, at 30, n .8).

The cases cited by the government as binding appellate authority in support of its argument that facts are unnecessary do not support its view or are inapplicaable. As the defendant's memorandum in support of his motion to suppress demonstrates, the cases which have considered an officer's opinion also considered facts to support probable cause. See defendant's memo at 5-6. The government's citation of United States v. Fama (p. 29) omits reference to the "truly astonishing quantity of evidence" (758 F.2d, at 835) which had been previously seized from the appellant's residence, and, instead, isolates the Court's reliance on the agent's expert opinion, a factor which the defendant concedes is relevant to the Court's consideration. Similarly, the government's citation of United States v. Benevento (p. 29) also omits the reference to "other information that suggests a link" between the defendants' homes and their criminal activity, and ignores the language in Benevento that the agent's testimony, standing alone, "might not be sufficient to establish a link." Id. The government's reliance on United States v. Gaskin (U.S. memo at p. 30, n. 8) also ignores the specific facts recited by the Court to connect Gaskin's conduct with his car, which was the subject of the contested search (364 F. 2d., at 457-58).

---

[2] The government is incorrect in stating that the defendant does not challenge the seizure of his cellphone (U.S. memo at p. 24, n. 5). See, §7 of affirmation in support of defendant's motion to suppress, dated April

Accordingly, the defendant's motion to suppress the physical evidence seized from his residence and the contents of his cellphone should be granted.

Dated: New York, NY
April 29, 2011

Respectfully submitted,

To: Clerk of Court (LAK)
United States District Court
Southern District of New York

Joel M. Stein, Esq. #2385
39 Broadway, - Suite 2420
New York, NY 10006
(212) 344-8008

Preet Bharara
U.S. Attorney, SDNY
By: AUSA Todd Blanche
Parvin Moyne
Michael Ferrara

---

1, 2011, and §5 of defendant's affidavit in support of his motion, dated March 30, 2011.